## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

RACHEL MEINS                                                        CIVIL ACTION

VERSUS                                                                NO. 2:22-cv-4657

ALLIED TRUST INSURANCE CO.                              SECTION: "G"(5)

## ORDER AND REASONS

This litigation arises out of damage to Plaintiff Rachel Meins' ("Plaintiff") property during Hurricane Ida.[1] Plaintiff brings claims against Defendant Allied Trust Insurance Company ("Defendant") for breach of contract in violation of Louisiana Revised Statute §§ 22:1973 and 22:1892.[2] Plaintiff also alleges that Defendant is liable for punitive damages pursuant to Louisiana Civil Code article 3546 ("Article 3546") and for violation of Louisiana Revised Statute § 51:1401, *et seq.*, the Louisiana Unfair Trade Practices Act ("LUTPA").[3] Before the Court is Defendant's "Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)," in which Defendant moves to dismiss Plaintiff's claims under Article 3546 and LUTPA.[4] Plaintiff opposes the motion.[5] Defendant replies in further support of the motion.[6] Having considered the motion, the memoranda

---

[1] *See* Rec. Doc. 1-2.

[2] *Id*. at 6.

[3] *Id*.; LUTPA is codified in La. Rev. Stat. § 51:1401, *et seq*.

[4] Rec. Doc. 8.

[5] Rec. Doc. 9.

[6] Rec. Doc. 14.

1

in support and in opposition, the record, and the applicable law, the Court grants the motion and dismisses Plaintiff's claims under Article 3546 and LUTPA.

## I. Background

Plaintiff filed a petition against Defendant in the Twenty-Fifth Judicial District Court for the Parish of Plaquemines on September 2, 2022.[7] Plaintiff alleges that Defendant breached its property insurance contract by tendering insufficient payment for damages sustained to Plaintiff's property during Hurricane Ida, after Plaintiff promptly reported damages and submitted a timely proof of loss.[8] Plaintiff also alleges that Defendant based this payment on "below market unit price figures for various items damaged" and "did not pay or intentionally underpaid industry standard scope of damages and items."[9] Plaintiff brings claims against Defendant for bad faith breach of an insurance contract in violation of Louisiana Revised Statute §§ 22:1973 and 22:1892, unfair trade practices in violation of LUTPA (the "LUTPA Claim"), and punitive damages under Article 3546 (the "Article 3546 Claim").[10]

On November 28, 2022, Defendant removed the case to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.[11] On December 15, 2022, Defendant filed the instant motion to dismiss seeking dismissal of the LUTPA Claim and the Article 3546 Claim.[12] On

---

[7] Rec. Doc. 1-2.

[8] *Id.* at 3–4.

[9] *Id.* at 4.

[10] *Id.* at 5–6.

[11] Rec. Doc. 1.

[12] Rec. Doc. 8.

December 21, 2022, Plaintiff opposed the motion.[13] On January 9, 2023, Defendant replied in further support of the motion.[14]

## II. Parties Arguments

### A.   Defendant's Arguments in Support of the Motion to Dismiss

In the instant motion, Defendant makes two arguments. First, Defendant argues that the LUTPA Claim should be dismissed.[15] Defendant avers that Louisiana courts have previously indicated that insurance contract claims are within the purview of the Louisiana Commissioner of Insurance and outside the scope of LUTPA because LUTPA specifically vests the Louisiana Commissioner of Insurance with the power to pursue claims against insurers for unfair trade practices.[16] Additionally, Defendant contends that the Fifth Circuit has held "that [LUTPA] does not apply to actions or transactions subject to the jurisdiction of the Insurance Commissioner."[17] Thus, Defendant concludes that the LUTPA Claim must be dismissed.[18]

Second, Defendant argues that the Article 3546 Claim must be dismissed because the conclusory statement in the Petition that the alleged wrongful acts "occurred in states which authorize the award of punitive damages" is insufficient to state a claim under Article 3546.[19] Defendant asserts that Plaintiff fails to conduct the necessary choice of law analysis in a diversity jurisdiction case under Louisiana Civil Code article 3515 and does not state the location of the

---

[13] Rec. Doc. 9.

[14] Rec. Doc. 14.

[15] *See* Rec. Doc. 8-1 at 3

[16] *Id.*

[17] *Id.* (citing *Century Surety Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015)).

[18] *Id.* at 4.

[19] *Id.* at 4–5.

alleged conduct or the domicile of the wrongdoer under Louisiana Civil Code article 3537.[20] Thus, Defendant concludes that the Article 3546 Claim must be dismissed.[21]

## B.    *Plaintiff' Arguments in Opposition to the Motion to Dismiss*

In opposition to the instant motion, Plaintiff advances two arguments. First, Plaintiff argues that the Petition states a cause of action for punitive damages under Article 3546 by alleging that Defendant "utilize[d] below market pricing and fail[ed] to pay for industry standard scope of damage and items . . . in states which authorized the award of punitive damages."[22] Moreover, Plaintiff contends that Louisiana's interest in regulating its trade practices is embodied in Article 3546 by allowing a plaintiff to seek punitive damages that would otherwise be prohibited under state law.[23]

Second, Plaintiff argues that the LUTPA Claim should not be dismissed even though current Fifth Circuit precedent does not allow a plaintiff a private cause of action against an insurer under LUTPA.[24] Plaintiff asserts that the Court should adopt the Fifth Circuit's previous holding in *Lamarque v. Massachusetts Indemnity and Life Insurance Co*., which allowed a private cause of action under LUTPA.[25]

---

[20] *Id*. at 5.

[21] *Id*. at 6.

[22] Rec. Doc. 9 at 1–2.

[23] *Id.*

[24] *Id.*

[25] *Id.* (citing *Lamarque v. Mass. Indem. And Life Ins. Co.*, 794 F.2d 197 (5th Cir. 1986)).

### C.   Defendant's Arguments in Further Support of the Motion to Dismiss

In reply, Defendant makes two additional arguments in support of the motion. First, Defendant asserts that punitive damages must be plead in conjunction with a cognizable cause of action and not as its own independent cause of action.[26] Defendant argues that the Louisiana Supreme Court has emphasized the difference between an entitlement to relief and a form of relief and explained that "a right of action is a threshold issue in determining whether a party can obtain a specific remedy."[27] Defendant alleges that Plaintiff merely attempts to circumvent the fact that Louisiana law does not provide a plaintiff with a right of action to recover damages under LUTPA by attempting to utilize Louisiana's choice of law provisions.[28] Defendant avers that Plaintiff's failure to state a claim under LUTPA bars her entitlement to punitive damages.[29]

Second, Defendant argues that, despite Plaintiff' objections to the contrary, the Fifth Circuit's binding precedent overturns *Lamarque* and forecloses any argument that Plaintiff has a cause of action under LUTPA.[30]

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted."[31] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[32] "To survive a motion to dismiss, a

---

[26] Rec. Doc. 14 at 1 (citing *Tajonera v. Black Elk Energy Offshore Operations, LLC*, 16 F. Supp. 3d 755 (E.D. La. 2014)).

[27] *Id.* at 2 (citing *Babineaux v. Pernie-Bailey Drilling Co*, 262 So.2d 328 (La. 1972)).

[28] *Id*.

[29] *Id.* at 2–3.

[30] *Id.* at 3.

[31] Fed. R. Civ. P. 12(b)(6).

[32] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[33] "Factual allegations must be enough to raise a right to relief above the speculative level."[34] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[35]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[36] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[37] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[38] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[39] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[40] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[41] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each

---

[33] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[34] *Twombly*, 550 U.S. at 555.

[35] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

[36] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[37] *Iqbal*, 556 U.S. at 678–79.

[38] *Id.* at 679.

[39] *Id.* at 678.

[40] *Id.*

[41] *Id.*

element of the asserted claims.[42] If factual allegations are insufficient to raise a right to relief above

the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable"

bar to relief, the claim must be dismissed.[43]

## IV. Analysis

Defendant argues that the LUTPA Claim and Article 3546 should be dismissed pursuant

to Federal Rule of Civil Procedure 12(b)(6).[44] The Court addresses each argument in turn.

### A.      *Whether the LUTPA Claim Should Be Dismissed*

Defendant argues that the LUTPA Claim should be dismissed because claims in the

insurance context are outside the scope of LUTPA.[45] Plaintiff argues that this Court should ignore

the Fifth Circuit's holding in *Century Surety Company v. Blevins*[46] as an incorrect "*Erie* guess."[47]

*Blevins* is binding on this Court and makes clear that "LUTPA does not apply to 'actions or

transactions subject to the jurisdiction of the . . . insurance commissioner.'"[48] Under the Louisiana

Insurance Code, the insurance commissioner has the "the power to determine what is an unfair

trade practice in the insurance industry."[49] Thus, Plaintiff's claim that Defendant-insurer's actions

---

[42] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[43] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[44] *See* Rec. Doc. 8.

[45] Rec. Doc. 8-1 at 3.

[46] 799 F.3d 366 (5th Cir. 2015).

[47] Rec. Doc. 9 at 3.

[48] *Blevins*, 799 F.3d at 372 (quoting LA. Rev. Stat. § 51:1406(1)).

[49] *Cougle v. Berkshire Life Ins. Co. of Am.*, 429 F. Supp. 3d 208, 219 (E.D. La. 2019) (Vance, J.) (quoting La. Rev. Stat. § 22:1963 ("The commissioner of insurance shall have power to examine and investigate the affairs of every person engaged in the business of insurance. . . in order to determine whether such person has been or is engaged in any unfair method of competition or in any unfair or deceptive act or practice prohibited by this part.)).

"constitute unfair trade practices" falls within the jurisdiction of the insurance commissioner.[50]

Accordingly, the LUTPA Claim must be dismissed.

**B.    *Whether the Article 3546 Claim Should Be Dismissed***

Defendant argues that the Article 3546 Claim should be dismissed because Plaintiff has not alleged any facts to suggest that another state's laws should apply to any claim for punitive damages.[51] Plaintiff argues that she states a claim for punitive damages by specifically alleging that the state where the wrongful conduct occurred and the wrongdoer is domiciled allows for punitive damages.[52]

Article 3546 is "a choice of law provision that, in certain circumstances, allows a plaintiff to look to another state's law regarding punitive damages."[53] Article 3546 provides:

> Punitive damages may not be awarded by a court of this state unless authorized:
> (1) By the law of the state where the injurious conduct occurred and by either the law of the state where the resulting injury occurred or the law of the place where the person whose conduct caused the injury was domiciled; or
> (2) By the law of the state in which the injury occurred and by the law of the state where the person whose conduct caused the injury was domiciled.

The parties do not dispute that Louisiana law governs Plaintiff's claims regarding a contract insuring a Louisiana property—Plaintiff brings all of her claims under Louisiana law.[54] Specifically, Plaintiff brings breach of contract claims under Louisiana Revised Statute §§

---

[50] Rec. Doc. 1-2 at 6.

[51] *See* Rec. Doc. 8-1 at 4–6.

[52] Rec. Doc. 9 at 2.

[53] *Tajonera v. Black Elk Energy Offshore Operations, LLC*, 16 F. Supp. 3d 755, 765 (E.D. La. 2014) (Brown, J.).

[54] *See* Rec. Doc. 1-2.

22:1982 and 22:1973, which entitle Plaintiff to bad faith penalties if the claims are successful.[55] Plaintiff does not bring any substantive claims under any other state's law. Thus, the choice of law provision is inapplicable to this case. As explained in *Corpus Juris Secundum*, "[a] claim for punitive damages is not a separate claim or cause of action but merely a type of remedy or an element of a cause of action."[56] "Accordingly, punitive damages cannot be pleaded as an independent cause of action but rather must be requested in conjunction with a cognizable cause of action."[57] Plaintiff's only cognizable claims are brought pursuant §§ 22:1982 and 22:1973. Thus, the Court dismisses any claim for punitive damages brought pursuant Article 3546.[58]

## V. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's motion[59] is **GRANTED**.

**IT IS FURTHER ORDERED** that the LUTPA Claim and the Article 3546 Claim are hereby **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this 23rd day of January, 2023.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[55] *See* La. Rev. Stat. § 22:1973 ("In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.").

[56] Joseph Brasson, et al., 25A C.J.S. Damages § 226).

[57] *Tajonera,* 16 F. Supp. 3d at 765 (quoting *id.*).

[58] *See Ross v. Conoco, Inc.,* 828 So. 2d 546, 555 (2002) ("In Louisiana, there is a general public policy against punitive damages; thus, a fundamental tenet of our law is that punitive or other penalty damages are not allowable unless expressly authorized by statute.").

[59] Rec. Doc. 8.